UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rebecca Theresa Kalfa, | ) | C/A No. 6:25-cv-12979-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Shellpoint Mortgage Servicing, Corporate Officer | ) | |
| R.N.E.S., Mark Foley, Whitney Wince, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendants. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint, which did not follow the standard form, on October 14, 2025. ECF No. 1. By Order dated October 17, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. § 1915, the Complaint was subject to summary dismissal for the reasons identified by the Court in its Order. ECF No. 8. The Court noted, however, that Plaintiff might be able to cure the deficiencies of the Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 21. Plaintiff was notified that "an amended complaint replaces all prior complaints and should be complete in itself." *Id*. Further, Plaintiff was specifically warned as follows:

1

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend.

*Id*. at 22 (emphasis omitted).

Plaintiff filed an Amended Complaint, which was entered on the docket on December 8, 2025. ECF No. 14. Like the original Complaint, the Amended Complaint does not conform to the standard form. Plaintiff attached certain supporting documents to the Amended Complaint, which are addressed below. ECF No. 14-2.

Although an amended complaint replaces all prior complaints, the Court will consider the allegations contained in both the original Complaint and the Amended Complaint out of an abundance of caution and to give liberal construction to the pleadings in this case.

**Factual Allegations from the Original Complaint**

Plaintiff commenced this action by filing a Complaint on October 14, 2025. ECF No. 1. The Court summarizes the pertinent allegations contained in the original Complaint to the extent they can be understood. Plaintiff identifies herself in the caption as follows:

> Family-Name Kalfa; Given-Name
> Sui Juris one of we the people
> Moving Party of Real Interest for Estate of
> RALPH P. DEANGELIS

ECF No. 1 at 1. Plaintiff signed the Complaint as "Kalfa; Rebecca Theresa." *Id*. at 10. Thus, the Court understands Plaintiff's name to be "Rebecca Theresa Kalfa." Plaintiff purports to bring this action on behalf of the Estate of Ralph P. Deangelis (the "Estate"), but she does not explain her relationship to the Estate. *Id*. at 1. Plaintiff asserts she brings claims "pertaining to the alleged mortgage claim of 513 Beebe Rd. Afton, NY 13703 labeled as Loan # 674934229." *Id*. at 1. Based on the allegations in the Complaint, Plaintiff appears to be challenging a mortgage foreclosure

2

action in the state of New York related to property at 513 Beebe Rd. Afton, NY 13703 ("the Property").

Plaintiff demands "injunctive relief, possession, and other relief which will effectively invalidate and reverse the unlawful fraudulent alleged mortgage claim by the Defendants." *Id*. Plaintiff contends Defendants failed to provide an original note and failed to prove they are a party to the contract. *Id*. Plaintiff alleges Defendants failed to comply with Plaintiff's "Conditional Acceptance" and demands. *Id*. Plaintiff asserts the original promissory note was based on fraud because it was never Plaintiff's nor the Estate's intent to sign a blank endorsement upon the alleged promissory note. *Id*. at 2. Plaintiff contends Defendants "are attempting to collect on an alleged note from the wrong party." *Id*. According to Plaintiff, "the original promissory note is an obligation of the United States not the alleged Plaintiff." *Id*. As such, Defendants "are purporting fraud upon the plaintiff when the real party who is obligated for this alleged mortgage is the United States." *Id*. Plaintiff asserts as follows:

> Fact the bank officials and bank officers breached their fiduciary duty by failing to disclose the fact that the promissory note was a blank endorsement as noted in Uniform Commercial Code § 3-205 (b). If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed, and Uniform Commercial Code § 3-205 (c). The holder may convert a blank indorsement that consists only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable.
>
> Fact the bank officials and bank officers have concealed the fact and committed fraud, malfeasance upon plaintiff and the alleged borrower· by failing to disclose the fact that the promissory note was a blank endorsement, and

3

> Fact the bank officials and bank officers have concealed the fact and committed fraud, malfeasance upon plaintiff and the alleged borrower by the fact they deposited (through a Federal Reserve bank in accordance with 12 U.S.C. § 412) said original note by stamping it with the words "pay to the order of: Without Recourse CORPORATION NAME" signed by a person authorizing the deposit of said original note thereby proving there was no loan to plaintiff, and See Uniform Commercial Code § 3-109(1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.

*Id*. at 2–3.  Plaintiff contends Defendants are thus attempting to force a fraudulent mortgage upon Plaintiff and that Defendants lack standing to file a mortgage foreclosure.  *Id*. at 3.  Plaintiff asserts:

> *Fact the* **Defendants** *named herein* did use a fictitious address of 513 BEEBE ROAD AFTON, N Y. 13730 that is owned by United States Postal Service that is in no way part of to the real land/private property having meats and bounds description that are In Violation of Title 18 section24 I and 242 as a conspiracy to deprive plaintiff rights, to private property under color of law.

*Id*. at 4.  Plaintiff alleges "the truth is out and there is plenty of law backing up the fact that the banks are criminal."  *Id*. at 6.  Plaintiff makes other similar assertions to those noted above, and she quotes and/or cites numerous cases and statutes without explanation.  *Id*. at 1–10.

For her relief, Plaintiff seeks "an injunction against the Defendants from enforcing their fraudulent mortgage collection action."  *Id*. at 9.  Plaintiff further requests an order that Defendants "issue quiet title free and clear from all claims to said land and property granting full ownership, rights to . . . Plaintiff."  *Id*.  Plaintiff also seeks an award of damages in the amount of $500,000.  *Id*.

**Factual Allegations from the Amended Complaint**

In the Amended Complaint, Plaintiff makes similar allegations to those in the original Complaint.  ECF No. 14.  The Amended Complaint is comprised of two documents—one

4

captioned as an "Affidavit by Facts Request for Admissions part of Fraud Lawsuit," *id*. at 1–4; and

the other captioned as an "Affidavit by Facts Claim for Fraud Lawsuit," *id*. at 5–18. Those

documents explain that the facts and claims asserted in this action pertain "to the alleged loan

claim of 513 Beebe Rd. Afton, NY 13730 labeled as Loan # 674934229." *Id*. at 1, 5. The first

document lists approximately nineteen numbered "Requests for Admissions" by Defendants, with

each requested admission purportedly being answered (by Plaintiff) as "The Stipulated answer is

Yes." *Id*. at 1–3. That document concludes with a purported "Opportunity to Cure," demanding

that Defendants pay to Plaintiff the amount of $500,000. *Id*. at 3. That document also contains

the following paragraph:

> Non Response according to the conditions herein will be default.
> Incomplete answers and/or lack of documented factual evidence as
> outlined herein will be Default. If the all [sic]
> Defendants/Respondent(s) fail to respond as outlined herein, within
> 21 calendar days, this will be Default. Non Response will be a Self
> Executing Confession of Judgment upon all
> Defendants/Respondent(s) and will be complete agreement with all
> the statements, terms, and conditions of this contract. This is a
> contract in Common Law. Any officer of the court that interferes or
> involves him or herself with this claim will be added to this claim
> and become a Third Party-Defendant.

*Id*. The second document, like the original Complaint, contains a lengthy and verbose recitation

of various statutes, regulations, case law, and other purported legal authorities. *Id*. at 5–18. And,

like the original Complaint, that second document is sparse on factual allegations. Nevertheless,

the Court is able to glean the following discernable statements of fact.

Plaintiff contends this matter "stems from a fraudulent alleged valid loan claim that is being

forced upon Plaintiff/Petitioner to pay the Defendants/Respondent(s) as being a valid claim placing

an alleged lien against Plaintiff/Petitioner private home and land." ECF No. 14 at 5. Plaintiff is

the "soul [sic] beneficiary that inherited and was appointed executrix through the last will and

5

testament by Ralph P. Deangelis that factually according to law made Plaintiff/Petitioner the soul [sic] owner pertaining to the private home and land located in Afton, New York having a lawful description in meats and Bounds." *Id*. Plaintiff demands injunctive relief by way of a "release" as to "any alleged claims pertaining to the alleged loan" and require Defendants "to provide written notice that the private property/land is free and clear from all claims to said land and property rights to Plaintiff." *Id*. at 6. Plaintiff refers to a "foreclosure action"—although she does not provide any information as to such an action—and claims the Defendants lack standing to sue. *Id*. Plaintiff contends the "original promissory note was based on fraud as established fact that no one every [sic] signed a blank endorsement upon the alleged promissory note loan." *Id*. Plaintiff asserts Defendants "never at any time lent any one (in this matter) any Lawful money having real substance with intrinsic value with equal weights and measures (silver, gold) coin-backed intrinsic value of a certain balance that is due and owing on a note." *Id*. According to Plaintiff, Defendants took the alleged original promissory note and turned it into a case deposit that was used to fund the alleged loan. *Id*. at 7. Plaintiff alleges Defendants are attempting to collect on a fraudulent loan and committed fraud "by concealing the facts that [they] never had standing to collect nor sue for a foreclosure." *Id*. Plaintiff asserts as follows:

> [Defendants] are using a fictitious address of 513 BEEBE ROAD AFTON, N.Y. 13730 that is owned by United States Postal Service that is in no way part of to the real land/private property having meats and bounds description that are in violation of Title 18 section 241 and 242 as a conspiracy to deprive [Plaintiff of her] God given rights, to private property . . .

*Id*. Plaintiff contends that Defendants are attempting to collect on an alleged loan note from the wrong party as "the original promissory note is an obligation of the United States not the alleged Plaintiff." *Id*. at 8. Plaintiff contends Defendants lack standing to force collection or file any

6

mortgage foreclosure as to Plaintiff. *Id*. at 10. Plaintiff presents a confusing summary of various court cases and statutes that she contends support her position. *Id*. at 10–18. For her relief, Plaintiff seeks an injunction against Defendants "from enforcing their fraudulent loan collection action." *Id*. at 18.

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules.");

*Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

This action is subject to dismissal. Plaintiff cites to numerous cases, statutes, constitutional provisions, and court rules throughout the original Complaint and the Amended Complaint. However, both pleadings—even taken together—contain very few factual allegations; fail to explain how the cited cases, statutes, constitutional provisions, and court rules apply to the claims asserted; and fail to establish a claim for relief that is cognizable in this Court. Accordingly, for the reasons below, this action should be summarily dismissed.

**Claims on behalf of the Estate**

Plaintiff purports to bring this action on behalf of the Estate. ECF Nos. 1 at 1; 14 at 5. However, she is not permitted to do so in this *pro se* action. *See Fields v. Houser*, C/A No. 2:16-cv-3251-TMC-MGB, 2017 WL 1363905, at *5 (D.S.C. Feb. 9, 2017), *R&R adopted by* 2017 WL 1329374 (D.S.C. Apr. 11, 2017). A *pro se* plaintiff may litigate only her own personal claims. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). "The right to litigate for oneself, however, does not create a coordinate right to litigate for others". *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). A *pro se* Plaintiff may not litigate or bring claims on behalf of others. *Hummer v. Dalton*, 657 F.2d 621, 623-626 (4th Cir. 1981) (explaining a *pro se* plaintiff's lawsuit is "confined to redress for violation of his own personal rights"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting a *pro se* plaintiff may not represent others in a class action); *Neal v. ORS*,

C/A No. 6:12-cv-1995-TMC-KFM, 2012 WL 3765175, *2 (D.S.C. July 26, 2012) (explaining that a *pro se* plaintiff "lacks standing to litigate other persons' legal rights"), *R&R adopted by* 2012 WL 3639721 (D.S.C. Aug. 23, 2012), *aff'd by* 509 F. App'x 280 (4th Cir.), *cert. denied*, 134 S.Ct. 102 (2013).

The caption of the original Complaint lists Plaintiff as "Moving Party of Real Interest for Estate of Ralph D. Deangelis." ECF No. 1 at 1. The Amended Complaint alleges Plaintiff "is the soul [sic] beneficiary that inherited and was appointed executrix through the last will and testament by Ralph P. Deangelis." ECF No. 14 at 5. Plaintiff has attached to the Amended Complaint a copy of the purported Last Will and Testament of Ralph P. Deangelis (the "Will"). ECF No. 14-2 at 14–23. The Will purports to named Plaintiff as executor. *Id*. at 14. Notably, however, the Will leaves specific bequests to "Steven C. Fuller" in addition to leaving certain distributions to Plaintiff. *Id*. at 16.

"Courts are in general agreement that where an estate has beneficiaries other than the personal representative, the estate must be represented by counsel." *Washington v. Walls*, C/A No. 9:22-cv-01675-RMG-MHC, 2023 WL 4998601, at *3 (D.S.C. June 2, 2023), *R&R adopted by* 2023 WL 4347049 (D.S.C. July 5, 2023). Even though Plaintiff has plausibly established that she is the personal representative of the Estate, she is not permitted to bring the claims in a *pro se* capacity. *See Mink v. Wal-Mart Stores, Inc.*, C/A No. 5:16-cv-01854, 2016 WL 11483984, at *7 (S.D.W. Va. July 14, 2016), *R&R adopted by* 2016 WL 7106393 (S.D.W. Va. Dec. 5, 2016). A non-attorney individual may not represent an estate. *See, e.g., Pridgen v. Andresen*, 113 F.3d 391, 392–93 (2nd Cir. 1997). "While an individual's right to represent himself or herself *pro se* in federal court is protected by statute; *see* 28 U.S.C. § 1654; the right to litigate one's claims without an attorney 'does not create a coordinate right to litigate for others.'" *Bey v. Colon*, C/A No. 2:19-

cv-941-BHH-BM, 2019 WL 3557920, at *3–4 (D.S.C. July 10, 2019) (quoting *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)), *R&R adopted by* 2019 WL 3547086 (D.S.C. Aug. 5, 2019).  For these reasons, Plaintiff is not permitted to proceed with her claims in this action *pro se* on behalf of the Estate.  Therefore, any claims asserted by Plaintiff on behalf of the Estate are subject to summary dismissal because Plaintiff has not retained counsel.

**Failure to State a Claim**

The pleadings are subject to summary dismissal because Plaintiff fails to allege facts to support a plausible claim for relief.  As noted, 28 U.S.C. § 1915 permits an indigent litigant to proceed *in forma pauperis*, which allows the litigant to commence a federal court action without prepaying the administrative costs of proceeding with the lawsuit.  *See Staley v. Witherspoon*, C/A No. 9:07-cv-195-PMD-GCK, 2007 WL 1988272, at *1 (D.S.C. July 3, 2007).  However, the statute provides limitations to such actions by permitting the Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." *Id.* (quoting 28 U.S.C. § 1915(e)(2)(B)).  A complaint is deemed frivolous when it is "clearly baseless" and includes allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).  In reviewing for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004).  Although the Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff, *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), it is well-settled that the Court has the authority to

11

dismiss claims that are obviously "fantastic" or "delusional," *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

The claims in the present Complaint are unexplained and unsupported by facts. Plaintiff's allegations fall within the statute's definition of frivolity. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (noting examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply "unbelievable." (internal quotation marks and citations omitted)). Plaintiff's conclusory assertions fail to show any arguable basis in fact or law and Plaintiff fails to present allegations to support a claim for relief that is plausible. *See Neitzke*, 490 U.S. at 325 ("A suit is frivolous if it lacks an arguable basis in law or fact."); *see also Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007).

Although Plaintiff has identified numerous state and federal cases, statutes, rules, and constitutional provisions, she has failed to provide allegations establishing a claim for relief that is plausible. For example, Plaintiff invokes the Truth in Lending Act and Fair Debt Collections Practices Act. However, Plaintiff presents no allegations to support a claim under either of those statutes, nor any others. A plaintiff must do more than present mere legal conclusions to support a claim for relief. In sum, Plaintiff has failed to allege sufficient facts to state any claim for relief.

### Sovereign Citizen Allegations

Plaintiff's claims are also subject to dismissal because they are premised on a frivolous legal theory. Plaintiff's Complaint, Amended Complaint, and supporting documents are replete with allegations and assertions espousing the "sovereign citizen" or "redemptionist" argument, which "has been rejected repeatedly by the courts." *Smith v. United States*, C/A No. 1:12-cv-

00900, 2013 WL 5464723, at *1 (S.D.W. Va. Sept. 30, 2013) (internal quotation marks omitted). Adherents to the sovereign citizen theory "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013); *see also Presley v. Prodan*, C/A No. 3:12-cv-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the sovereign citizen movement and its common features), *R&R adopted by* 2013 WL 1342539 (D.S.C. Apr. 2, 2013). Federal courts have repeatedly rejected the sovereign citizen theory as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (explaining the defendant claimed he was "outside" the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion"); *Glover v. South Carolina*, C/A No. 5:16-cv-00969-JMC, 2017 WL 1836982, at *1 n.1 (D.S.C. May 8, 2017), *appeal dismissed*, No. 17-6846, 2017 WL 5197454 (4th Cir. Nov. 8, 2017).

Plaintiff's Complaint is replete with assertions and allegations that bear all the hallmarks of the sovereign citizen theory. For example, Plaintiff signed the Complaint as follows:

> Kalfa; Rebecca Theresa
> Signed reserving all my rights at
> Tender Of Payment for Adjustment,
> "Without Recourse"
> and All Rights Reserved:

13

**Foreign Office** of **Origin: Moving Party**
*Family-Name Kalfa; Given-Name Rebecca Theresa* Plaintiff
**In care of** 513 Beebe Road
Afton, New York,
**Zip Exempt**

ECF No. 1 at 10 (emphasis in original).  Courts have noted that such statements appended to a signature indicate "some symbol of [a litigant's] adherence to the sovereign citizens movement." *Thompson v. Warden, N. Cent. Corr. Inst.*, C/A No. 2:24-cv-4224, 2025 WL 1456564, at *2 (S.D. Ohio May 21, 2025) (noting statements such as "all rights reserved without prejudice" have no legal effect under federal law); *Pack v. City of St. Charles*, C/A No. 4:25-cv-0911-MTS, 2025 WL 2899025, at *1 (E.D. Mo. Oct. 10, 2025) (noting the use of "signatures that are distinguished by odd colons, dashes, brackets" or followed by "All Rights Reserved" are indicators of sovereign citizen ideology); *Collins v. Biden*, C/A No. 1:24-cv-01309-JLT-EPG, 2024 WL 4753931, at *4 (E.D. Cal. Nov. 12, 2024) (explaining notations with a signature such as "all rights reserved", "without prejudice", and the like are typically used by persons who consider themselves to be sovereign citizens), *R&R adopted by* 2024 WL 5202455 (E.D. Cal. Dec. 23, 2024).

Courts have also noted, "[i]t is common for sovereign citizens to utilize particular frivolous legal theories, such as claiming to copyright their own names and filing supposed UCC financing statements that exempt them from taxation by becoming a 'secured party' or 'secured creditor.'" *Mack v. Sweet*, C/A No. 4:17-cv-00434-O-BP, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017) (collecting cases), *R&R adopted by* 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017); *see also Estrada Tr. v. All Assets Held in 57995-019 / Ismael Estrada*, C/A No. 4:19-cv-2968-MGL-TER, 2019 WL 6330745, at *2 (D.S.C. Oct. 25, 2019) (discussing the plaintiff's use of UCC financing statements to support his sovereign citizen-type arguments and dismissing the plaintiff's claims as frivolous), *R&R adopted by* 2019 WL 6320153 (D.S.C. Nov. 26, 2019), *aff'd*, 811 F. App'x 192 (4th Cir.

14

2020).  Plaintiff premises her claims in this case on UCC provisions in line with those used by sovereign citizens.  *See, e.g.*, ECF No. 14 at 9.

"In addition to the sovereign citizen phrasing used by [Plaintiff], [her] factual allegations indicate that [she] is attempting to extinguish [the] mortgage on the Property by advancing the meritless sovereign citizen 'show me the note' legal theory."  *Simmons as Tr. for Robert Kyle Simmons Tr. v. Shellpoint Mortg. Servicing*, C/A No. 2:24-cv-647-RAH-SMD, 2025 WL 1913373, at *4 (M.D. Ala. Apr. 28, 2025), *R&R adopted by* 2025 WL 1604343 (M.D. Ala. June 6, 2025). Courts have repeatedly rejected claims by plaintiffs making nearly identical allegations to those presented by Plaintiff in this case as frivolous legal theories based on the sovereign citizen ideology.  *See, e.g., Bell v. S.C. State Hous. Fin. & Dev. Auth.*, C/A No. 3:24-cv-6493-SAL-SVH, 2024 WL 5240590, at *2 (D.S.C. Nov. 20, 2024) (evaluating allegations similar to those in the present action and finding "even though she does not use the specific words 'sovereign citizen,' Plaintiff's claims are based in that ideology, are frivolous, and subject to summary dismissal"), *R&R adopted by* 2024 WL 5239865 (D.S.C. Dec. 27, 2024); *Moore v. Discover Bank*, C/A No. 24-cv-3194-LTS, 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (dismissing complaint containing nearly identical allegations to those in the present case as frivolous and based on the sovereign citizen theory); *Boeve v. Southstate Bank N.A.*, C/A No. 8:24-cv-647-TPB-AAS, 2024 WL 3090561, at *3 (M.D. Fla. June 20, 2024) (dismissing claims similar to those asserted in the present case and noting the claims appeared "to be based on the 'vapor money' theory, which has been consistently dismissed by courts as having no basis in law").

Plaintiff's Complaint and Amended Complaint leave no doubt that she premises her claims, at least in part, on redemptionist and sovereign citizen theories, which have been found to be "utterly frivolous" and "patently ludicrous" claims, using "tactics" that are "a waste of their time

15

as well as the court's time, which is paid for by hard-earned tax dollars." *Barber v. Countrywide Home Loans, Inc.*, C/A No. 2:09-cv-40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009); *see also Nunez v. D.T.C.*, C/A No. 4:13-cv-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) (finding documents and arguments similar to those in the present case to be "frivolous and a waste of court resources").  Because Plaintiff is asserting claims in this case based on the sovereign citizen theory, her claims are subject to summary dismissal as frivolous.

Even if not premised on sovereign citizen arguments, Plaintiff's claims are without merit. For example, in an attachment to the Amended Complaint captioned "Mortgages are Illegal," Plaintiff presents assertions and argument that have no legal basis.  ECF No. 14-2 at 9–13.  For example, Plaintiff baldly asserts "Mortgages are illegal.  Fiat currency is inherently fraudulent and illegal.  Interest is illegal.  The entire fraudulent financial system is illegal."  *Id*. at 9.  Such assertions, which are completely unsupported by the law, are frivolous on their face within the definition of the *in forma pauperis* statute.  As such, Plaintiff's claims, regardless of how they are characterized, are subject to dismissal as frivolous.

**No Jurisdiction to Review State Court Judgments**

Plaintiff may be challenging New York state court judgments related to the Estate and/or Property.  Plaintiff's Amended Complaint makes numerous references to a mortgage foreclosure action, although Plaintiff does not present allegations clarifying whether any such action has even been initiated and, if so, whether it remains pending.  Under the *Rooker-Feldman* doctrine, this Court may not review findings or rulings made by state courts.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997).  The *Rooker-Feldman*

16

doctrine extends not only to issues actually decided by a state court, but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition includes constitutional challenges. *Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257.

Thus, to the extent the claims in Plaintiff's pleadings are an attempt to challenge any rulings already made by the New York state courts (whether related to a probate or a foreclosure action), such claims should be summarily dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.

**Abstention is Proper for any Pending State Court Proceedings**

The Court should abstain from considering any claims related to any pending state court proceedings in New York.  Plaintiff makes cursory allegations concerning a foreclosure action related to the Property and she asks this Court to "issue an injunction against the Defendants from enforcing their fraudulent mortgage collection action."  ECF No. 1 at 9.  Plaintiff also purports to represent claims on behalf of the Estate and has attached the Will to her Amended Complaint.

To the extent Plaintiff is seeking to challenge any currently pending state court proceedings involving the Estate and/or claims arising from the mortgage on the Property, such claims are barred by the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court proceeding against Plaintiff.  Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with pending state court actions.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state court proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).  The Supreme Court has extended the *Younger* doctrine to apply in "'noncriminal judicial proceedings when important state interests are involved.'"  *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348,

351 (4th Cir. 2005) (quoting *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff appears to be involved in ongoing state court proceedings related to the claims at issue in this case, or at least the Property appears to be involved in ongoing state court foreclosure proceedings, and Plaintiff asks this Court to award relief related to such proceedings. Thus, the first element is satisfied. The second element is satisfied as the Fourth Circuit has held that "property law concerns, such as land use and zoning questions, are frequently 'important' state interests justifying *Younger* abstention." *Harper*, 396 F.3d at 352. Foreclosure matters bear upon real property located within the state and implicate state laws. *See Newsom v. Branch Banking & Tr. Co.*, C/A No. 4:18-cv-112-FL, 2019 WL 348891, at *6 (E.D.N.C. Jan. 9, 2019) ("Matters relating to foreclosure proceedings unquestionably implicate important state interests."), *R&R adopted by* 2019 WL 346703 (E.D.N.C. Jan. 28, 2019); *Hayes v. JP Morgan Chase Bank*, C/A No. 3:13-cv-1884-JFA, 2014 WL 4198897, at *3 (D.S.C. Aug. 20, 2014) (explaining that "there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state") (internal citations omitted). The third element is also satisfied, as Plaintiff has an adequate forum in the New York state courts to pursue her claims for equitable relief. *See Grant v. Bull Point Plantation Prop. Owners Ass'n, Inc.*, C/A No. 9:23-cv-05818-RMG-MGB,

19

2023 WL 12086967, at *3 (D.S.C. Dec. 4, 2023), *R&R adopted by* 2023 WL 12086975 (D.S.C. Dec. 27, 2023).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court foreclosure proceedings—or any probate proceedings—and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). Courts in this district have routinely abstained in similar actions pursuant to the *Younger* (and *Colorado River*) abstention doctrines. *See, e.g., Cooper v. Van Slambrook*, C/A No. 2:19-cv-649-DCN-BM, 2019 WL 3777153, at *5 (D.S.C. June 4, 2019), *R&R adopted by* 2019 WL 3778739 (D.S.C. June 25, 2019); *Doherty v. PNC Mortg.*, C/A No. 0:14-cv-4013-TLW-SVH, 2015 WL 5012781, at *5–8 (D.S.C. July 16, 2015), *R&R adopted in part by* 2015 WL 5012823 (D.S.C. Aug. 21, 2015); *Dennis v. HSBC Mortg. Servs., Inc.*, C/A No. 0:10-cv-2693-MJP-PJG, 2011 WL 3876916, at *3 (D.S.C. Aug. 11, 2011), *R&R adopted by* 2011 WL 3876909 (D.S.C. Aug. 31, 2011).

### *Colorado River* Doctrine

To the extent Plaintiff intends to assert claims related to any New York state court actions, this Court should also abstain under the *Colorado River* doctrine. Even though federal and state courts may share concurrent jurisdiction with respect to a dispute, and federal courts should generally exercise jurisdiction, abstention is appropriate when exceptional circumstances warrant abstention in deference to the parallel state proceedings. *Dennis v. HSBC Mortg. Servs., Inc.*, No.

20

CA 0:10-cv-2693-MJP-PJG, 2011 WL 3876916, at *3 (D.S.C. Aug. 11, 2011), *R&R adopted by* 2011 WL 3876909 (D.S.C. Aug. 31, 2011) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–19 (1976)).   In analyzing whether to abstain, courts should consider: (1) whether any court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums.  *Moses H. Cone Mem'l Hosp. v. Mercy Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 818-19); *Hunt v. Mortg. Elec. Registration*, 522 F. Supp. 2d 749, 753 (D.S.C. 2007).   Additionally, the Court may examine "whether a federal question is presented in the case and whether either the state or federal lawsuit was a contrived, defensive reaction to the other."  *Hunt*, 522 F. Supp. 2d at 753 (citing *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934–35 (4th Cir. 1992)).   In determining whether two actions are parallel, the Court should determine if substantially the same parties are attempting to litigate the same issues in different forums.  *New Beckley Min. Corp. v. Int'l Union, United Mine Works of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991).  "*Colorado River* does not demand that the parties be precisely identical."  *Accohannock Indian Tribe v. Tyler*, C/A No. SAG-21-cv-02550, 2021 WL 5909102, at *15 (D. Md. Dec. 14, 2021) (explaining "the presence of additional Defendants does not defeat the parallelism of the two actions on these facts").

In reviewing Plaintiff's Complaint and Amended Complaint, it appears that Plaintiff is involved, in some capacity, in pending state court actions in New York related to the Property. Such pending state court actions and this current federal court action could be properly viewed as parallel proceedings because they would likely involve the same parties and litigate the same issues.  It appears from the allegations in the Complaint that the New York state courts first assumed jurisdiction over the issues in question, and the New York state courts have jurisdiction

over the foreclosure proceedings and any probate matters.  Further, the Property is located in the state of New York.  Therefore, the New York state courts are the more convenient forum.  Moreover, it would be a more efficient use of judicial resources to have the issues presented in this case and any state court actions decided in one forum, particularly one that has been the forum for the underlying disputes between the parties to these actions.  Finally, this Court could decide a result contrary to the decisions made in the New York state courts.  Thus, this Court should refrain from exercising jurisdiction in this case under the *Colorado River* doctrine.

**The Probate Exception**

In addition to these abstention doctrines, the Court would also lack jurisdiction under the probate exception to the extent Plaintiff's pleadings are attempting to litigate any claims related to probate matters involving the Estate and/or Will.  It is unclear whether the Estate is involved in any ongoing probate matters, but Plaintiff purports to bring claims on behalf of the Estate.  "The probate exception is a well-established, judicially-created exception to the exercise of otherwise proper federal jurisdiction" that "'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'"  *Bassford v. Bassford*, C/A No. 2:21-cv-02955-DCN, 2022 WL 669625, at *3 (D.S.C. Mar. 7, 2022) (citation omitted).  The "probate exception" is a historical exception to federal jurisdiction that holds that "probate matters" are excepted from the scope of federal jurisdiction.  *See, e.g., Marshall v. Marshall,* 547 U.S. 293, 308 (2006) (quoting *Markham v. Allen,* 326 U.S. 490, 494 (1946)).  In *Markham,* the United States Supreme Court held that federal courts have no authority to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the

custody of the state court." *Markham,* 326 U.S. at 494. In *Marshall,* the Supreme Court clarified the scope of the probate exception and explained that

> the "interference" language in *Markham* [is] essentially a reiteration of the general principal that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.* Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

*Marshall*, 547 U.S. at 311–12 (citations omitted). "In context, then, the Supreme Court understands the probate exception to extend only to those situations where the federal court is asked to administer a probate matter or the exercise of federal subject matter jurisdiction would disturb or effect the possession of property in the custody of a state court." *Long v. Blair*, 650 F. Supp. 2d 542, 548–49 (S.D.W. Va. 2009).

To the extent Petitioner is asking this Court to address any underlying claims in a probate matter, this Court is precluded from doing so under the probate exception.

**Anti-Injunction Act**

Finally, as Plaintiff seeks to enjoin an apparent state court foreclosure action, the Anti-Injunction Act (the "Act") precludes such relief. The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. "An injunction issued against parties to a state court proceeding is, for purposes of the Act, considered an injunction to stay the state court proceeding itself." *In re MI Windows and Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 224 (4th Cir. 2017) (emphasis omitted).

> The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion).

> These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988); *Atlantic Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281, 287–88 (1970) . . . . Further, "where the Anti-Injunction Act bars an injunction it 'also bars the issuance of a declaratory judgment that would have the same effect as an injunction.'" *Lovett v. Deutsche Bank Nat'l Trust Co.*, No. 12-1816-MBS-SVH, 2013 WL 841679, at *6 (D.S.C. Feb. 12, 2013) (quoting *Denny's, Inc. v. Cake*, 364 F.3d 521, 528 (4th Cir. 2004) (internal quotation marks and citations omitted)), *adopted by*, 2013 WL 841675 (D.S.C. Mar. 6, 2013); *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) [denying injunctive and declaratory relief regarding the foreclosure of a mortgage and enforceability of the note]; *Liggett v. Fifth Third Mortg.*, C/A 7:16-cv-4011-HMH-JDA, 2017 WL 4083136, at *3 (D.S.C. Aug. 14, 2017), *adopted by*, 2017 WL 4074884 (D.S.C. Sept. 14, 2017).

*Bruce v. Wilmington Sav. Fund Soc'y, FSB, Tr. of Stanwich Mortg. Loan Tr. C*, C/A No. 2:18-cv-2555-BHH-BM, 2019 WL 1293718, at *5 (D.S.C. Jan. 15, 2019), *R&R adopted by* 2019 WL 2281364 (D.S.C. May 29, 2019). The Supreme Court has stated that, "even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would." *Samuels v. Mackell*, 401 U.S. 66, 73 (1971).

Here, Plaintiff seeks an order from this Court enjoining a state court foreclosure action. ECF Nos. 1 at 9; 14 at 18. However, Plaintiff's request "preempts the foreclosure and has 'the same effect' as his request for an injunction to prevent foreclosure; both 'result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid.'" *Hayes v. JP Morgan Chase Bank*, C/A No. 3:13-cv-1884-JFA, 2014 WL 4198897, at *5 (D.S.C. Aug. 20, 2014) (quoting *Samuels*, 401 U.S. at 72). Because Plaintiff's requested relief would effectively enjoin the state court foreclosure action, it is barred

by the Act. *See Dooly v. Sears*, C/A No. 7:22-cv-01734-DCC-JDA, 2022 WL 17668437, at *5 (D.S.C. July 6, 2022), *R&R adopted by* 2022 WL 4940058 (D.S.C. Oct. 4, 2022); *Moss v. Hutchens L. Firm, LLC*, C/A No. 8:21-cv-01374-DCC-JDA, 2021 WL 2813737, at *6 (D.S.C. May 19, 2021), *R&R adopted by* 2021 WL 2525472 (D.S.C. June 21, 2021).

<b><u>CONCLUSION AND RECOMMENDATION</u></b>

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915 without further leave to amend[1] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>United States Magistrate Judge

December 23, 2025
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

---

[1] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct the pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).